IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAMERON DAVIS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No.15-1068-RGA |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Cameron A. Davis. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 20, 2017
Wilmington, Delaware

*Richard G. Andrews* [signature]
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Cameron A. Davis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 7) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

> In July 2010, a series of three armed robberies took place in the Bear, Delaware area. The police identified Robert Williams of 709 Sandburg Place as a person of interest. At approximately midnight on July 23, 2010, police arrived at 709 Sandburg Place, secured the apartment, and did not permit anyone, including [Petitioner], to leave or enter the residence until a warrant was obtained. Police obtained a warrant the next day and executed it at approximately 11:05 a.m. [Petitioner] was then transported to police headquarters and interviewed from approximately 3:00 p.m. until 5:00 p.m. [Petitioner] ultimately admitted to participating in the three robberies. The videotape of [Petitioner's] confession was shown to the jury at trial.
>
> [Petitioner] later testified that he confessed to participation in the three robberies because he wanted the questioning to cease. He testified, "I felt as though, once again, it would have went on forever. The questioning would have never stopped until he would have got what he wanted."

*Davis v. State*, 38 A.3d 278, 279 (Del. 2012).

Petitioner was indicted on five counts of first degree robbery, second degree assault, three counts of second degree conspiracy, six counts of possession of a firearm during the commission of a felony ("PFDCF"), and three counts of possession of a firearm by a person prohibited ("PFBPP"). (D.I 7 at 3; D.I. 9-17 at 11-21) A Delaware Superior Court jury found him guilty of three counts of first degree robbery, three counts of PFDCF, three counts of PFBPP, and two counts of second degree conspiracy. The Superior Court granted Petitioner's motion for judgment of acquittal for one count of first degree robbery and one count of PFDCF. The Superior Court sentenced Petitioner to a total of thirty-four years of incarceration at Level V, suspended after eighteen years of minimum mandatory time for decreasing levels of supervision.

Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *See Davis*, 38 A.3d at 281.

In May 2012, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 9-18 at Entry No. 61) The Superior Court appointed counsel to represent Petitioner, and counsel filed an amended Rule 61 motion. After conducting an evidentiary hearing and permitting counsel to provide further evidence, the Superior Court issued a letter order denying the Rule 61 motion. *See State v. Davis*, 2015 WL 3539794, at *1 (Del. Super. Ct. May 18, 2015). The Delaware Supreme Court affirmed that judgment. *See Davis v. State*, 127 A.3d 1171 (Table), 2015 WL 6954840, at *1 (Del. Nov. 9, 2015).

## II.     EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one

2

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual

3

prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### III. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court, which asserts the following two grounds for relief: (1) Petitioner's Fourth Amendment rights were violated because he was unlawfully seized, detained, and arrested; and (2) defense counsel provided ineffective assistance by failing to file a timely motion to suppress evidence and also by failing to contact or call as a trial witness a victim who told a Department of Justice social worker that Petitioner was not the person who robbed her.

### A. Claim One: Barred by *Stone v. Powell*

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal habeas court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *Id.*; *see also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing that Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Significantly, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id.*

In this case, Petitioner filed a motion to suppress the evidence pursuant to Delaware Superior Court Criminal Rule 41 (D.I. 9-17 at 29 to 32), which the Superior Court denied as untimely. (D.I. 9-17 at 35)

Petitioner challenged that denial in his direct appeal to the Delaware Supreme Court, presenting the same Fourth Amendment argument raised in Claim One of the instant Petition. The Delaware Supreme Court rejected Petitioner's argument that the untimeliness of his motion to suppress should have been excused, and affirmed the Superior Court's judgment.

5

In his Rule 61 motion, Petitioner argued that defense counsel was ineffective for failing to call a witness who had stated that Petitioner did not rob her and for failing to file a timely motion to suppress. The Superior Court held an evidentiary hearing and ruled that there could be no relief on this basis "because the evidence would not have been suppressed had a hearing been timely requested and held." *Davis*, 2015 WL 3539794, at *1. Thereafter, the Superior Court ruled that defense counsel had not performed ineffectively by failing to call the witness identified by Petitioner, because Petitioner failed to show that defense counsel could have secured that witness' appearance at trial. *Id*. The Delaware Supreme Court affirmed that decision on post-conviction appeal, holding that the appeal was "wholly without merit and devoid of any arguably appealable issue." *Davis*, 2015 WL 6954840, at *1.

Rule 41 of the Delaware Superior Court Criminal Rules authorizes a defendant to file a pre-trial motion to suppress evidence, thereby providing a mechanism for presenting Fourth Amendment issues to the state courts. Consequently, Petitioner's failure to litigate the instant claim was not caused by a structural defect in Delaware's system. Additionally, the fact that defense counsel filed an untimely suppression motion is immaterial to *Stone*'s "full and fair opportunity" analysis because counsel's alleged error does not constitute a structural defect. *See, e.g., Winn v. Phelps*, 2011 WL 4543968, at *9-10 (D. Del. Sept. 29 2011); *Fogg v. Phelps*, 579 F. Supp. 2d 590, 604 (D. Del. 2008). For all of these reasons, the Court will deny Claim One as barred by *Stone*.

### B. Claim Two: Procedurally Barred

In Claim Two, Petitioner contends that defense counsel provided ineffective assistance by failing to contact or secure as a witness a victim who told a Department of Justice social worker

6

that Petitioner was not the person who robbed her, and also by failing to file a timely motion to suppress. Although this Claim was included in Petitioner's counseled Rule 61 motion, it was not presented to the Delaware Supreme Court on post-conviction appeal. Instead, Petitioner's post-conviction counsel filed a "no merits brief" in the Delaware Supreme Court and a motion to withdraw under Rule 26(c). Defense counsel informed Petitioner by letter that he could supplement counsel's Rule 26(c) brief, but Petitioner did not present Claim Two or any other claims to counsel to include in the brief. (D.I. 9-7 at 1; D.I. 9-8 at 13 ("The Defendant's Points"))

At this juncture, any attempt by Petitioner to raise Claim Two in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1). *See DeAngelo v. Johnson*, 2014 WL 4079357, at *12 (D. Del. Aug. 15, 2014). Consequently, Claim Two is procedurally barred, and the Court cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner attempts to establish cause by asserting that he defaulted Claim Two because he was "unaware that it was mandatory that he restate his appeal claims after his counsel found no merit to appeal in his 26(c) brief." (D.I. 12 at 1) However, Petitioner's mistake does not rise to the level of cause for procedural default purposes. Additionally, to the extent the Court should liberally construe Petitioner's argument to be that his procedural default should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the argument is unavailing. In *Martinez*, the Supreme Court held that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective

7

assistance of trial counsel. *Id.* at 1320. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state post-conviction attorney in his first state collateral proceeding was ineffective under the standards established in *Strickland*, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 1316, 1320. A "substantial" ineffective assistance of trial counsel claim is one that has "some" merit" which, given the *Martinez* Court's citation to *Miller-El v. Cockrell*, 537 U.S. 322 (2003), appears to be governed by the standards applicable to certificates of appealability. *Id.* at 1318-19. Significantly, however, the *Martinez* Court explicitly limited its rule, stating that the "holding in this case does not concern errors in other kinds of proceedings, including appeals from initial-review collateral proceedings. " *Id.* The Supreme Court explained that, "[w]hile counsel's errors in these [other kinds of] proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding." *Id.* at 1317. Here, the *Martinez* rule is inapplicable, because Petitioner's default occurred on post-conviction appeal, not during the "initial-review collateral proceeding."

In the absence of cause, the Court will not address the issue of prejudice. Finally, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. For these reasons, the Court will deny Claim Two as procedurally barred from federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.